JS-6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
WESTERN DIVISIION

| YOUHANNA SAWAGED, | No. 2:19-cv-00148-PSG (JDE) |
|---|---|
| Plaintiff, | ORDER DISMISSING ACTION FOR FAILURE TO PAY FILING FEES OR OBTAIN AUTHORIZATION TO PROCEED IN FORMA PAUPERIS |
| v. | |
| DFS, | |
| Defendant. | |

On January 8, 2019, Plaintiff Yardley Rojas ("Plaintiff") submitted a civil complaint for filing with this Court. Dkt. 1. Plaintiff did not pay a filing fee but did file a Request to Proceed In Forma Pauperis. Dkt. 3 ("IFP Request"). On January 14, 2019, the Court denied Plaintiff's IFP Request and ordered Plaintiff to pay the filing fees in full within 30 days or the case would be dismissed. Dkt. 5. In so ordering, the Court noted:

> Plaintiff states he earn $2,4000 per month and has $800 in a bank account. Although Plaintiff states he contributes for his mother and sister's support, he does not state the amount of the support, nor does he state any expense information. Plaintiff has not met his burden to show indigency. See Local Rule 5-2.

Id. Plaintiff did not timely pay the filing fees as ordered or request additional time in which to do so.

Although not authorized to do so, on February 6, 2019, Plaintiff submitted a second IFP Request (Dkt. 6) contradicting the prior IFP Request and attesting Plaintiff is no longer employed and no longer has any money in a bank account. In the second IFP Request, Plaintiff did not answer certain questions, such as the salary and wages he earned from his last employment and what income is reflected in Plaintiff's 2018 income tax return. Plaintiff also again provided no information regarding expenses. Further, in an unsworn attachment, Plaintiff stated that Plaintiff "separated from the work of 1/03/2019." Dkt. 6 at 3 (CM/ECF pagination).

All parties instituting any civil action in a district court, except an application for writ of habeas corpus, must pay a filing fees of $400.[1] See 28 U.S.C. § 1914(a). An action may proceed despite a plaintiff's failure to prepay the entire fee only if he is granted leave to proceed IFP under 28 U.S.C. § 1915(a). See Andrew v. Cervantes, 493 F.3d 1047, 1051 (9th Cir. 2007).

Here, Plaintiff's IFP Request was denied, and, despite an order to do so and a warning that a failure to pay the required fees would result in a dismissal of the action, Plaintiff has not prepaid the required fees. Thus, the case cannot proceed. See 28 U.S.C. § 1914(a); Andrews, 493 F.3d at 1051.

Plaintiff's unauthorized second IFP Request does not alter the Court's analysis. First, the original IFP Request, filed at the time Plaintiff initiated this action, Plaintiff had sufficient resources to prepay the filing fees at that time. Plaintiff's second IFP Request, sent weeks later, even taken at face value, does

---

[1] In addition to the $350 filing fee required by 28 U.S.C. § 1914(a), civil litigants must pay an administrative fee of $50. See 28 U.S.C. § 1914 (Judicial Conference Schedule of Fees, District Court Misc. Fee Schedule, § 14). The additional fee does not apply to persons granted leave to proceed IFP. See id.

not alter that assessment. Second, Plaintiff was not authorized to file a second IFP Request. Third, the second IFP Request does not answer important questions, including the income reflected in Plaintiff's most recent income tax return. Thus, even considering the second IFP Request, Plaintiff has met his burden to justify IFP status. Fourth, the contradictions between the original and second IFP Requests cast serious doubt on the second IFP Request. For example, Plaintiff asserts in a matter of weeks, Plaintiff went from employed, earning $2,400 per month with $800 in the bank, to unemployed with no money in any bank account. Plaintiff purports to attach an explanation that Plaintiff "separated" from employment, but that explanation is not under oath. Under 28 U.S.C. § 1915(a)(1), any IFP Request must be supported by an affidavit (or declaration), not an unsworn statement appended to a declaration.

Plaintiff did not meet Plaintiff's burden to justify an order authorizing the case to proceed without prepayment of fees. Plaintiff was ordered to pay the required filing fees by not later than February 13, 2019. Plaintiff did not do so or seek additional time in which to do so.

IT IS THEREFORE ORDERED that this action is DISMISSED. No further filings shall be accepted under this case number.

Dated: 2/24/19

PHILIP S. GUTIERREZ
United States District Judge

Presented By:

JOHN D. EARLY
United States Magistrate Judge

3